IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FAROUK SYSTEMS, INC. § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:11-cv-2499 |
| § | |
| ERIC WHITE, et al., § | |
|    Defendants. § | |

**RESPONSE TO JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party:

   To be held Friday, November 4, 2011 at 3:00 p.m. at United States Courthouse, Judge Sim Lake presiding.

2. List the cases related to this one that are pending in any state or federal court with the case number and court:

   Defendant, Eric White, is unaware of any other cases.

3. Specify the allegation of federal jurisdiction:

   As per Plaintiff's Complaint, this is an action for trademark infringement, trademark counterfeiting, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, the Anti-counterfeiting Consumer Protection Act of 1996, Public Law 104-153, the Stop Counterfeiting Manufactured Goods Act, Public Law 109-181 and the Prioritizing Resources and Organization for Intellectual Property Act, Public Law 110-4303 (the "Lanham Act"), and for trademark and trade name infringement and unfair competition under the law of the State of Texas.

4. Name the parties who disagree and the reasons:

   Plaintiff and all other parties to the suit including Defendant, Eric White.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:

      Unknown

6. List anticipated interventions:

      Unknown

7. Describe class-action issues:

      Unknown.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures:

      The suit is new; the process of disclosures is beginning.

9. Describe the proposed agreed discovery plan, including:

    a. Response to all matters raised in Rule 26(f): The suit is new; the process of disclosures is beginning.

    b. When and whom the plaintiff anticipates it may send interrogatories: Unknown.

    c. When and whom the defendant anticipates it may send interrogatories: Too early to know.

    d. Of whom and when the plaintiff anticipates taking oral depositions: Unknown.

    e. Of whom and by when the defendant anticipates taking oral depositions: Defendant, Eric White- Counsel may depose Plaintiff's president or Chief Operating Officer.

    f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports: Unknown this early in the case.

    g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report): Unknown by Defendant Eric White.

    h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report): Defendant, Eric White may depose Plaintiff's President or

       Chief Operating Officer.

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party:

   This early we do not know if an agreement can be reached.

11. Specify the discovery beyond initial disclosures that has been undertaken to date:

   None/unknown.

12. State the date the planned discovery can reasonably be completed:

   Hopefully by August 3, 2012. There are presently some forty-eight (48) Defendants in the case.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:

   Meeting not yet held.

14. Describe what each party had done or agreed to do to bring about a prompt resolution:

   Defendant, Eric White, hired counsel.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable:

   Mediation by experienced and qualified mediator.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge:

   Probably would elect trial by Judge Sim Lake.

17. State whether a jury demand has been made and if it was made on time:

   Jury Demand made by Plaintiff.

18. Specify the number of hours it will take to present the evidence in this case:

   Literally many hundreds of hours.

19. List pending motions that could be ruled on at the initial pretrial and

   scheduling conference:

   Unknown at this time.

20. List other motions pending:

   Unknown at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference:

   The fact that there appear to be so many small time operators (Defendants), this case needs to go to mediation.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   Tom Shipp, Attorney for Defendant Eric White
   SBOT: 18271000
   USDC: 5069
   9810 FM 1960 Bypass, Suite 170
   Humble, Texas 77338
   (281) 540-8989
   (281) 540-2919 Fax

   Anthony F. Matheny, Attorney for Plaintiff
   SBOT: 24002543
   1000 Louisiana, Suite 1700
   Houston, TX 77002
   (713) 374-3583
   (713) 754-7583


Counsel for Defendant, Eric White:        Counsel for Plaintiff:


   /Tom Shipp/
Tom Shipp
SBOT: 18271000
9810 FM 1960 Bypass, Suite 170
Humble, Texas 77338
(281) 540-8989
(281) 540-2919 Fax

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the forgoing document has been delivered to Anthony F. Matheny located at 1000 Louisiana, Suite 1700, Houston, Texas 77002 on the 12th day of August 2011 via electronic filing and/or facsimile to 713-374-7583.

                                              /Tom Shipp/
                                              Tom Shipp