IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| Plaintiff, | § | CIVIL ACTION No. 4:11-cv-2499 |
| | § | |
| vs. | § | |
| | § | |
| BRENDA LOPEZ, et. al. | § | |
| Defendant | § | |

## DEFENDANT BRENDA LOPEZ' ANSWER TO PLAINTIFF
## FAROUK SYSTEMS, INC.'S COMPALINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, BRENDA LOPEZ, DEFENDANT and files this Answer to Plaintiff FAROUK SYSTEM INC.'S Complaint and Application for Injunctive Relief heretofore and in support respectfully show unto the Court the following:

### I. PARTIES

Defendant, BRENDA LOPEZ, answers, paragraph by paragraph, as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1-38 and therefore denies the allegations.

2. Defendant admits the allegations in paragraph 39.

3. Defendant lacks knowledge or information sufficient to form a belief

about  the truth of the allegations in paragraphs 40-47, and therefore denies the allegations.

## II. JURISDICTION AND VENUE

4.   As to paragraphs 48-51, they contain legal assertions or conclusions to which no responsible pleading is required.  Except as expressly admitted herein. Defendant denies the rest and remainder of allegations in paragraphs 48-51.

## III. FACTS

5.   Defendant lacks knowledge or information sufficient to form a belief About the truth of the allegations in paragraphs 52-59, and therefore denies the allegations.

6.   Paragraphs 60-63 are denied as to Defendant BRENDA LOPEZ. Defendant lacks knowledge or information sufficient to form a belief about the trust of the remaining allegations in paragraphs 60-63, and therefore denies the remaining allegations.

## IV. CAUSES OF ACTION

CAUSE ONE: FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT (15 U.S.C. § 1114)

7.   Paragraph 64 does not require a response.

8.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 65-66, and therefore denies the allegations.

9.  Paragraphs 67-68 are denied as to Defendant BRENDA LOPEZ. Defendant lacks knowledge or information sufficient to form a belief about the trust of the remaining allegations in paragraphs 67-68 and therefore denies the remaining allegations.

10. Paragraphs 69-70 contain legal assertions or conclusion to which no responsive pleading is required. Except as expressly admitted herein, these paragraphs are denied as to Defendant BRENDA LOPEZ. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 69-70, and therefore denies the remaining allegations.

COUNT TWO: UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

11. Paragraph 71 does not require a response

12. Paragraphs 72-74 are denied as to Defendant BRENDA LOPEZ, Defendant lacks knowledge or information sufficient to form a belief about the trust of the remaining allegations in paragraphs 72-74 and therefore denies the remaining allegations.

13. Paragraphs 75-77 contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, these paragraphs are denied as to Defendant BRENDA LOPEZ. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraphs 75-77, and therefore denies the remaining allegations.

CAUSE OF ACTION THREE: TRADEMARK INFRINGEMENT AND UNFAIR
COMPETITION UNDER TEXAS LAW

14.     Paragraph 78 does not require a response

15.     Paragraphs 79-80 contain legal assertions or conclusion to which no
        responsive pleading is required.  Except as expressly admitted herein,
        these paragraphs are denied as to Defendant BRENDA LOPEZ.
        Defendant lacks knowledge or information sufficient to form a belief
        about the truth of the remaining allegations in paragraph 79-80, and
        therefore denies the remaining allegations.

REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES
AND COSTS

16.     Paragraph 81 does not require a response.

17.     Paragraphs 82-84 contain legal assertions or conclusion to which no
        responsive pleading is required.  Except as expressly admitted herein,
        these paragraphs are denied as to Defendant BRENDA LOPEZ.  Defendant
        lacks knowledge or information sufficient to form a belief about the truth
        of the remaining allegations in paragraph 82-84, and therefore denies
        the remaining allegations.

### V. PRAYER

The Defendant denies the Prayer for Relief, beginning with the word
'WHEREFORE," inclusive of paragraphs (a),(b),(c),(d),(e),(f),(g),(h),(i),(j),(k).
Except for the allegations of the Original Complaint that are not specifically
admitted hereinabove, the allegations of the Original Complaint are denied.

## AFFIRMATIVE DEFENSES

AND NOW, without assuming any burden of pleading, proof or persuasion otherwise resting on plaintiff, Defendant asserts the following additional affirmative defenses:

### Affirmative Defense One

Defendant, BRENDA LOPEZ did not commit the wrongs alleged in the complaint and is not responsible for the damages sought in the complaint.

### Affirmative Defense Two

Defendant, BRENDA LOPEZ is not responsible for any wrongful acts committed by other co-defendants.

### Affirmative Defense Three

Defendant, BRENDA LOPEZ did not have knowledge of any wrongful acts committed by other defendants.

### Affirmative Defense Four

Contrary to what Plaintiff alleges, Defendant, BRENDA LOPEZ did not benefit from the sale of any counterfeit products that resemble Plaintiff's.

### Affirmative Defense Five

The Complaint, or part thereof, fails to state any claim upon which relief can be granted against Defendant BRENDA LOPEZ and should be dismissed pursuant to Rule 2-322(b)(2)

### Affirmative Defense Six

The claims asserted in the Complaint may be barred, in whole or in part, by failure to join indispensable parties pursuant to Rule 2-211 and should be dismissed pursuant to Rule 2-322(b)(3).

### Affirmative Defense Seven

BRENDA LOPEZ specifically reserves and invokes all rights and defenses available unto her, including but not limited to those set forth in Rule 8(c), 12(b), 12(c), and 19 of the Federal Rules of Civil Procedure, the United States Code, the Texas Rules of Civil Procedure, and/or common law, for which a good-faith legal and/or factual basis exists in her favor.

### Affirmative Defense Eight

BRENDA LOPEZ hereby specifically and affirmatively asserts and invokes all defenses available to her as set forth in F.R.C.P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on her behalf or in her favor.  Defendant reserves the right to further supplement these preliminary defenses via separate motion.

### Affirmative Defense Nine

Plaintiff's damages if any are the sole and proximate result of actions or omissions of a person or persons or an entity or entities other than Defendant, BRENDA LOPEZ, and Plaintiff's claims for damages are barred in their entirety as to Defendant, BRENDA LOPEZ.

### Affirmative Defense Ten

Defendant would specifically deny each and every material allegation of the Complaint which has not been specifically admitted, regardless of paragraph or lack thereof or paragraph letter or lack thereof.

### Affirmative Defense Eleven

That the acts or omissions of Plaintiff or third persons over whom this Defendant has no responsibility or liability constituted a superseding and sole

proximate cause of the alleged incident and injuries, if any, sustained by Plaintiff.

Affirmative Defense Twelve

Alternatively, Plaintiff's alleged injuries were cause, unforeseeably, by persons, forces or entities for whom/which the Defendant is neither liable nor responsible, such being intervening superseding causes, breaking any alleged causative link to the Defendant.

AND NOW, having fully answered and set forth their Answer and Affirmative Defenses to the Plaintiff's Complaint, Defendant respectfully requests that it may be dismissed from this civil action with proper costs.

Respectfully Submitted,

Brenda Lopez
314 E. Tyler Avenue, Suite A
Harlingen, Texas 78550
Tel: (956) 421-2300

CERTIFICATE OF SERVICE

      This certifies a true and correct copy of the foregoing was served pursuant to FRCP 12&15 on this the 10th day of August, 2011.

Brenda Lopez
314 E. Tyler Avenue, Suite A
Harlingen, Texas 78550
Tel: (956) 421-2300

To: Anthony Matheny
    Greenberg Traurig LLP
    1000 Louisiana, Suite 1700
    Houston, Texas 77002
    Via Fax & CMRRR